IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY WOODS, | : | |
| Plaintiff, | : | Case No. 2:02-cv-762 |
| v. | : | Judge Holschuh |
| CITY OF WELLSTON, et al., | : | Magistrate Judge Abel |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on Defendants' motion for sanctions (Record at 22), Defendants' supplemental motion for sanctions (Record at 53), and Defendants' motion for an expedited ruling (Record at 61). Citing Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and the Court's inherent power to sanction bad faith conduct, Defendants seek an award of attorney fees, costs, and any other relief the Court deems appropriate.

**I.      Background**

In January of 2004, pursuant to the "safe harbor" provisions of Federal Rule of Civil Procedure 11, Defendants served on Plaintiff a copy of their proposed motion for sanctions, along with a copy of their proposed motion for summary judgment. For the reasons set forth in the proposed motion for summary judgment, Defendants urged Plaintiff to dismiss all of his claims. When Plaintiff refused to dismiss any of his claims, Defendants filed both motions with the Court.

On June 15, 2005, the Court granted Defendants' motion for summary judgment with

respect to Plaintiff's § 1983 claims brought against Wellston Police Officer Michael Perkins and Chief Mark Jacobs in their individual capacities and against the City of Wellston, the substantive due process claims, the 42 U.S.C. § 1985(3) conspiracy claim, and the state law claims of intentional or negligent infliction of emotional distress, negligent hiring, supervision, investigation, training and/or retainment, and malicious prosecution. The Court, however, denied Defendants' motion for summary judgment with respect to the § 1983 claims brought against Wellston police officers John Hall, John Robinson, Larry McKenzie, and Rex Stroth in their individual capacities.

On July 7, 2005, Defendants filed a "supplemental motion for sanctions."[1] Since trial in this case is set for November 28, 2005, Defendants have requested an expedited ruling, hoping that resolution of this issue will facilitate settlement negotiations.

**II.    Discussion**

Defendants contend that Plaintiff continued to pursue numerous claims against them long after it became apparent that those claims lacked evidentiary or legal support. Defendants therefore urge the Court to sanction Plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988, and the Court's inherent power to sanction bad faith conduct. Defendants seek an award of attorney fees, costs, and any other relief the Court deems appropriate.

---

[1] Due to a docketing error, Defendants' first motion for sanctions, filed with the motion for summary judgment, was inadvertently terminated without a ruling. This caused the Court to view Defendants' "supplemental" motion for sanctions as a new motion and, when Plaintiff failed to respond, the Court issued a show cause order. The Court apologizes for any confusion and will consider all briefs filed in connection with the original and supplemental motions for sanctions.

2

### A.     42 U.S.C. § 1988

As prevailing parties on most of the claims, Defendants seek attorney fees under 42 U.S.C. § 1988(b).  That statute provides, "[i]n any action or proceeding to enforce a provision of sections 1983 [and] 1985 . . . of this title . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  While prevailing plaintiffs in a civil rights action are almost always awarded attorney fees, prevailing defendants are entitled to attorney fees much less frequently.  See Smith v. Smythe-Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985).

The Sixth Circuit has noted that because an award of attorney fees is an "extreme sanction," courts should award attorney fees to prevailing defendants only in "truly egregious cases of misconduct."  Jones v. The Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986). Prevailing defendants are entitled to fees only if the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005)(quoting Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994), cert. denied, 514 U.S. 1127 (1995)).  The Supreme Court has cautioned that district courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).  An award of fees may be appropriate "where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate."  Smith, 754 F.2d at 183.

Defendants argue that, in this case, once discovery was completed, it should have been clear to Plaintiff that his claims lacked any factual or legal support. Nevertheless, the Sixth Circuit has recently held that "in this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim." Balmer v. HCA, Inc., 423 F.3d 606 (6th Cir. 2005).[2] See also Riddle v. Egensperger, 266 F.3d 542, 551 (6th Cir. 2001)(holding that even though a court dismisses certain claims on summary judgment, attorney fees may not be appropriate "especially if there are viable claims intertwined to the meritless claims.").

In light of the Balmer decision, the Court concludes that an award of attorney fees under § 1988 would not be appropriate in this case. While the Court did grant summary judgment in Defendants' favor with respect to most of Plaintiff's claims, it denied Defendants' motion with respect to the § 1983 individual capacity claims against four of the Wellston police officers.

### B.    Fed. R. Civ. P. 11

Defendants also invoke Federal Rule of Civil Procedure 11, which permits a court to award appropriate sanctions against an attorney, law firm, or party who: (1) presents pleadings, motions or papers for an improper purpose; (2) presents claims, defenses, and other legal contentions that are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; or (3) presents allegations and other factual contentions lacking evidentiary support. See Fed. R. Civ.

---

[2] Although Balmer was a Title VII case, the same standards apply to suits subject to the fee provisions of § 1988. See Smith, 754 F.2d at 183 (citing Hughes v. Rowe, 449 U.S. 5 (1980)).

P. 11(b) and (c).[3] The imposition of sanctions under Rule 11 is discretionary, not mandatory. See First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 526 (6th Cir. 2002). In determining whether sanctions should be awarded, a court must decide whether the litigant's conduct was "reasonable under the circumstances." Union Planters Bank v. L & J Dev. Co., 115 F.3d 378, 384 (6th Cir. 1997).

Advisory Committee notes to the 1993 amendments to Rule 11 state that litigants are subject to "potential sanctions for insisting upon a position after it is no longer tenable," but are protected "if they withdraw or correct contentions after a potential violation is called to their attention." Defendants contend that, in this case, it was unreasonable for Plaintiff, after discovery was completed, to continue to pursue claims for which there was no evidentiary support and which were not warranted by existing law, particularly after being served with the proposed motion for sanctions. Defendants argue that sanctions should be imposed because they were forced to expend significant amounts of time and money defending against these baseless claims.

The Court agrees that several of Plaintiff's claims were weak at best. Nevertheless, Plaintiff's § 1983 claims against four of the individual defendants did survive summary judgment. Advisory Committee notes to the 1993 amendments to Rule 11 state that "[i]n cases brought under statutes providing for fees to be awarded to prevailing parties, the court should not employ cost-shifting under this rule in a manner that would be inconsistent with the standards

---

[3] Permissible sanctions include both nonmonetary directives from the court and monetary sanctions such as the payment of the other party's attorney's fees or other expenses incurred as a result of the violation. Fed. R. Civ. P. 11(c)(2).

that govern the statutory award of fees, such as stated in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978)."[4]  In light of the Sixth Circuit's recent decision in Balmer, holding that attorney fees are not available to a defendant if there is at least one non-frivolous claim, the Court declines to award sanctions under Rule 11.

    C.    **28 U.S.C. § 1927**

Defendants also seek sanctions against Plaintiff's counsel under 28 U.S.C. § 1927, which states, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Awards of sanctions under § 1927 are discretionary.  See Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 375 (6th Cir. 1996).  Sanctions under § 1927 may be warranted when an attorney's conduct, from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court" and causes additional expense to the opposing party.  In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987), cert. denied, 485 U.S. 934 (1988).  A showing of subjective bad faith is not required.  Jones, 789 F.2d at 1230.

Defendants note that, in Ridder v. City of Springfield, 109 F.3d 288 (6th Cir. 1997), the Sixth Circuit upheld an award of § 1927 sanctions against a plaintiff's attorney who continued to pursue claims against the City "long after it should have become clear that the claims lacked any plausible factual basis."  Id. at 298.  The Court acknowledged that awards of attorney fees

---

[4] As noted earlier, in Christiansburg, the Court held that prevailing defendants may be awarded attorney's fees only upon a finding that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422.

6

against losing plaintiffs in civil rights cases were normally limited to "egregious cases of misconduct," but noted that "a civil rights plaintiff does not have free rein to bring and pursue frivolous claims." Id. at 299. While an attorney has an ethical duty to zealously advocate on behalf of a client, this "does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits." Ruben, 825 F.2d at 984. See also Wilson-Simmons v. Lake County Sheriff's Dep't, 207 F.3d 818, 824 (6th Cir. 2000)(upholding § 1927 sanctions where "it should have been patently obvious to Plaintiff's counsel that the facts alleged did not, as a matter of law, support a retaliation claim.").

Defendants argue that "[i]n many instances, Plaintiff's Complaint did not even plead essential elements of Plaintiff's claims." (Supp. Mot. at 8). Defendants, of course, could have filed a motion to dismiss those counts for failure to state a claim for which relief may be granted, but they did not. Instead, they allowed discovery to proceed on all of Plaintiff's claims and then moved for summary judgment. Whatever costs Defendants incurred in connection with that discovery cannot be attributed to the conduct of Plaintiff's counsel.

With respect to the other claims, even though the Court ultimately found that Plaintiff had not presented sufficient evidence from which a reasonable jury could find in his favor, the Court does not believe that those claims were so patently frivolous that they warrant § 1927 sanctions. While it would have been prudent for Plaintiff's counsel to narrow the claims once discovery was completed, her failure to do so, under the circumstances presented here, is not sanctionable.

### D.     Inherent Power to Sanction Bad Faith Conduct

Finally, Defendants seek relief pursuant to the Court's inherent power to sanction bad faith conduct.  See Chambers v. Nasco, Inc., 501 U.S. 32 (1991).  For the reasons previously discussed, the Court finds no bad faith conduct on behalf of Plaintiff or his attorney that would warrant such sanctions in this case.

### III.    Conclusion

The Court **GRANTS** Defendants' motion for an expedited ruling on the motion for sanctions.  (Record at 61).  However, for the reasons set forth above, the Court **DENIES** Defendants' motion for sanctions (Record at 22) and Defendants' supplemental motion for sanctions (Record at 53).

**IT IS SO ORDERED.**

Date: October 17, 2005                              **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court